## Lewis Thompson *versus* Cyrus Lothrop.

In an action of trespass by an officer by whom certain goods had been attached, against another officer who subsequently attached and carried away the same goods, it was *held* that a servant for hire appointed by the plaintiff to keep the goods, was not a competent witness to prove that the property was faithfully and carefully kept, and that the defendant knew it was under attachment when he made the second attachment, since a recovery by the plaintiff against the defendant would be either a bar to an action by the plaintiff against the servant for negligence, or a part satisfaction of the plaintiff's claim.

This was an action of trespass against the defendant for taking away a quantity of hay, three cows, four swine, one horse, one horse-wagon, and other farming utensils named in the writ, in which the plaintiff had a special property.

At the trial it appeared, that the plaintiff was a deputy sheriff, and that having a precept in favor of G. M. Peck against Nathaniel Drake, he attached the property in question and put it into the hands of Calvin Forrest as keeper.

The defendant having the care, as an attorney at law, of another demand against the same Drake in favor of Howard Lothrop, made out a writ and directed another deputy sheriff to attach the same property ; which was done, and the property

taken away, and afterwards sold on an execution in favor of Howard Lothrop.

Peck brought his action against the sheriff, charging him with the neglect of his deputy (the plaintiff) for not keeping the property safely, and recovered the value of the property against the sheriff; to whom the plaintiff was liable, or had paid the amount. Whereupon the plaintiff brought this action, charging the defendant with wrongfully taking the property.

The defendant denied having any knowledge of the prior attachment, admitted that he ordered the property to be attached provided it was free to be attached, and alleged that it was apparently free, on the premises of Drake, and that no one appeared to prevent the attachment and taking away of the property.

Gay, the officer who made the second attachment, testified that on the evening prior to the date of the attachment, he and the defendant went towards the house of Drake; that on the way they met Drake's son, with whom the defendant stepped aside and conversed some time; that the defendant then returned and said it would do no good to go that night; that they accordingly went back, and the defendant engaged the witness to go again the next day; that they went the next day to one Wilbur's, within about a mile of Drake's house, and arrived there at about sunset, left their horse, and procured Wilbur to go and show them the way through the woods; that they then went on together nearly to Drake's house; that the defendant and Wilbur then went away and left the witness; that soon afterward they returned; that before going to Drake's the witness asked the defendant if the property had been attached before; that the defendant replied, not to his knowledge, he heard it had been attached, but believed that that action was settled, as Drake, with the horse and wagon, had been at his house that day or the day before; that the defendant ordered the witness to go to the house and attach all the property he could find, which he did at about 10 o'clock in the evening; that the defendant said to him, if the property was attached, he would not meddle with it, and that was their agreement; that the defendant directed him to go out and halloo, which he did, but no one came; and that he found no keeper.

Thompson
*v.*
Lothrop.

To prove that the property was faithfully and carefully kept by the plaintiff by the agency of his keeper, and that the defendant knew that the property was under attachment when he ordered the second attachment, the plaintiff called Forrest as a witness. The defendant objected that Forrest was interested in the event of the suit, for if by his testimony the position could be maintained, either that the plaintiff had faithfully performed his duty as keeper, or that the defendant knew that the property was under attachment, the plaintiff must recover in this action, and the witness would be discharged from all lia-- bility to the plaintiff, however negligent he might have been in his care of the property. But the objection was overruled, and the witness admitted. Forrest testified, that when he went to Drake's on the night of the second attachment, about dark, the lights were put out and all was still; he looked round and saw nothing out of the way, and went away to some distance on Drake's premises, and went to sleep several hours, and about 2 o'clock on Sunday morning went to his own house. When he returned in the morning, he found that the property was all gone. He was surprised, and Drake expressed surprise. He asked what it meant; the Drakes were silent. The straps of the cow-bells were cut and the bells left in the yard. Some time after the attachment, Lothrop said the old horse had been their way several times, and if he (Forrest) was not a clever fellow he would have attached him. Lothrop accused the witness of being in bed and not on the watch, and offered him five dollars to tell where he was that night.

The judge commented on this evidence and applied it to the case, and suggested that from the circumstances of the lights being put out, the straps of the cow-bells cut, &c. the jury might infer a conspiracy between the Drakes and the Lothrops to wrest the property from the first attaching creditor, and that the defendant knew that the property was under attachment and that Forrest was keeper.

A verdict was found for the plaintiff. If the whole Court should be of opinion that Forrest was legally admissible as a witness, the verdict was to stand; otherwise a new trial was to be granted.

*Oct. 31st.*          *Richardson* and *Wilkinson*, for the defendant, cited to the

point that Forrest was interested in the event of the suit, *Emerton* v. *Andrews*, 4 Mass. R. 653 ; *Green* v. *New River Co.* 4 T. R. 589 ; *Mcrish* v. *Foote*, 8 Taunt. 454 ; *Rotheroe* v. *Elton*, Peake's R. 84.

Thompson
*v.*
Lothrop.

*Metcalf* and *Cleveland*, for the plaintiff, cited *Marquand* v. *Webb*, 16 Johns. R. 95.

Shaw C. J. delivered the opinion of the Court. The only question reserved in the present case is, whether Calvin Forrest was a competent witness for the plaintiff. The facts appear in the report, from his own testimony.

*Feb. term*
1839

The action is brought by a deputy sheriff, claiming a special property in the goods by force of the attachment, and is trespass against the defendant for taking them, knowing of the prior attachment, and under pretence that that attachment was waived and dissolved, by relinquishing the possession of the goods, and leaving them without a keeper, in the possession of the debtor. And the defence rests partly on that ground. The plaintiff's principal, the sheriff, has been charged in an action by the prior attaching creditor, on the ground that the goods were so negligently kept that he had not them forthcoming to meet his judgment. And it probably may be true, that the sheriff, who has the power of the county at his command, may be responsible, to see the goods forthcoming ; and yet that there may not have been such negligence in keeping, as to be construed a relinquishment of the possession, and an abandonment of the attachment. It does not follow, therefore, that because the prior attaching creditor has recovered against the sheriff, the attachment was dissolved. If so, it would be an end to this action ; because the ground of the present action is, that the *limited* special property created by his attachment, continued, and without it, this action could not be maintained.

If the defendant could show that the possession of the property, by the attaching officer, or his bailiff, was relinquished, it would lead to the conclusion, that the attachment was released and that he knew it. But if that possession was relinquished, it must have been by the negligence of the keeper. The witness was called for the purpose of showing that the property was faithfully and carefully kept, and that the defendant knew that it was under attachment at the time that he made the second

Thompson
v.
Lothrop.

attachment.   The keeper was a servant of the plaintiff for hire, and would have been liable to the plaintiff for any loss he might sustain by his negligence.   But if the plaintiff can establish his title against the defendant, he thereby shows that such attachment was not relinquished, but remained in force, and he may also obtain a full satisfaction of his damages.   Such an action would be a bar to an action against the witness, or would be evidence of part satisfaction, of which the witness could avail himself, in case of a suit by the plaintiff against him. The recovery in the present case would tend to place the witness in a state of security against an action, to which a failure of the plaintiff in this action would expose him.   *Morish* v. *Foote*, 8 Taunt. 454 ; *Rotheroe* v. *Elton*, 1 Phillipps on Evid. (6th ed.) 53, and 2 Phillipps on Evid. 61.   The Court are of opinion that the witness was incompetent.

It was argued that the testimony given by Forrest was not material, or rather that the other evidence was sufficient to support the action.   There are undoubtedly many cases, where injustice might be done by setting aside a verdict, after a full and elaborate trial, on the ground that some unimportant and immaterial evidence, though incompetent, had been admitted. And the Court would be strongly inclined to apply this rule, in a proper case.   But it must appear very satisfactorily, that the verdict must and ought to have been the same, whether the questionable evidence was admitted or not.   But in the present case, several facts were testified by Forrest, tending strongly to prove collusion on the part of the defendant and knowledge that the goods were still under attachment, as that when he went there on Saturday evening, all the lights were out, and every thing was still ; that in the morning, he found the straps of the cow-bells cut, and the bells left in the yard ; that the defendant used expressions to him, implying that he knew of the prior attachment, and that he offered the witness five dollars to tell him where he was that night.   The Court are not prepared to say, that without this evidence, the jury would have found the verdict which they did.

*Verdict set aside and a new trial granted*